IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CORETHA D. JOHNSON | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 09-3089 |
| MICHAEL J. ASTRUE, Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                        APRIL 13, 2010

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 7), defendant's response, and the reply thereto (Doc. Nos. 8 & 9), the court makes the following findings and conclusions:

1. On April 20, 2007, Coretha D. Johnson ("Johnson") filed for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. (Tr. 67-69). Throughout the administrative process, including an administrative hearing held on November 17, 2008 before an ALJ, Johnson's claims were denied. (Tr. 8-12; 13-39; 42-45). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Johnson filed her complaint in this court on July 10, 2009. (Tr. 1-3; Doc. No. 1).

The relevant period at issue in this case is from Johnson's alleged onset date of April 30, 2001 to December 31, 2006, her date last insured. (Tr. 67; 75).

2. In his December 19, 2008 decision, the ALJ concluded that Johnson was not disabled at step two of the sequential analysis because there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment during the relevant period at issue. (Tr. 8 ¶ 4; 10 Finding 3; 12 ¶ 1).[1]

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Johnson contends that the ALJ erred by determining at step two that there were no clinical signs or laboratory findings to substantiate the existence of an impairment between April 30, 2001 and December 31, 2006. After reviewing the record, I find that the ALJ's decision was supported by substantial evidence and legally sufficient.

    In order to be disabling, an impairment must be medically determinable, which means the impairment must be supported by medical evidence consisting of clinical signs and laboratory findings. 20 C.F.R. §§ 404.1505(a); 404.1508, 404.1512; 404.1528; S.S.R. 96-4p. Clinical signs are anatomical, physiological, or psychological abnormalities which can be observed, apart from the plaintiff's statement of symptoms. 20 C.F.R. § 404.1528(c). Without clinical signs and laboratory findings, a finding of not disabled at step two is required no matter how genuine the plaintiff's complaints appear to be. S.S.R. 96-4p.

    Johnson alleges, *inter alia*, that due to a 1991 gunshot wound to the head, she suffers from left-side numbness, dizziness, cognitive impairments, and headaches. The ALJ denied her claims based on the premise that there were no medical signs or laboratory findings to substantiate the existence of an impairment between Johnson's alleged onset date and her date last insured. (Tr. 11 ¶ 5). The problem with this case is there is only a single sheet of paper that was generated during the relevant time period. The sheet consists of notes from Dr. Marshal Gardner, Johnson's primary physician, during two office visits, one for acid reflux and fatigue on September 24, 2004, and one for edema/swelling in the legs on August 9, 2005. (Tr. 153). Neither of these notes has any real bearing on her allegations of impairments from the gunshot wound.

    Johnson relies on the evaluations of three doctors, all of which evaluated her after her date last insured, in support of her contention that she had severe disabling impairments. The first two evaluations are from Dr. Gardner and are dated May 29, 2007 and October 17, 2008. (Tr. 116-17; 122-25). Both of these evaluations are very conclusory. As noted by the ALJ, Dr. Gardner does not state in either of these reports that his findings apply to Johnson's condition during the time period at issue and neither are supported by contemporaneous office notes or clinical signs and laboratory findings. (Tr. 11 ¶ 4). The second and third evaluations are consultative evaluations from Dr. Mark Wagner, a psychologist, and Dr. Michael Cohen, a neurologist. (Tr. 126-31; 135-40). Respectively, the evaluations are dated November 3, 2008 and November 11, 2008, both generated nearly two years after Johnson's date last insured. Unfortunately, the ALJ failed to address either of these evaluations in his decision. However, both doctors are clearly evaluating Johnson's abilities at the time of the reports. (Id.). Again, there is no indication that the doctors would have made the same findings before December 29, 2006. Therefore, I find that it would be of no worth to remand the case in order for the ALJ to comment on these two evaluations. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with a social security ruling

would not have changed the outcome of the case).

It is clear that all three doctors are evaluating impairments arising out of the 1991 gunshot wound to Johnson's head, but they are referencing her functioning as of the dates of the evaluations and not how she functioned during the applicable time period. Any extrapolation of her functioning in 2007 and 2008 to her functioning before December 31, 2006 would be mere guess work as there is simply no evidence tying the results of the evaluations to her functioning during the applicable time period. The ALJ is correct that there are no clinical signs or laboratory findings to substantiate the existence of an impairment between April 30, 2001 and December 31, 2006 and, thus, his decision to find Johnson not disabled at step two is legally sufficient and supported by substantial evidence. As a result, Johnson's claim to the contrary must fail.[2]

An appropriate Order follows.

---

[2] Johnson also alleges that the ALJ failed to find her lower back degenerative disc disease and allergies to be severe. However, there is absolutely no evidence that either of these two impairments arose before her date last insured. (Tr. 132 (spinal x-ray from August 28, 2007); 133-34 (allergy test results from June 26, 2007)). Therefore, this claim must also fail.